# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HOLLY ANN RANDLE, | DOCKET NUMBER |
| Appellant, | CH-315H-21-0134-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: March 7, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Holly Ann Randle, Clarksville, Tennessee, pro se.

Katherine E. Griffis, Esquire, Fort Campbell, Kentucky, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. On petition for review, the appellant argues that she was misled by the agency regarding her termination, she was treated differently than other nurses in her department because she was not married and did not drink or socialize on the job, and she suffered from mental health issues. Petition for Review (PFR) File,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Tab 1 at 3-4. She also reasserts her arguments raised below of race discrimination and harassment. *Id*. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the appellant failed to nonfrivolously allege Board jurisdiction over her appeal on either a statutory or regulatory basis. Initial Appeal File (IAF), Tab 4, Initial Decision (ID) at 3-4; *see* 5 U.S.C. § 7511(a)(1)(A); *see also* 5 C.F.R. §§ 315.805, 315.806. As such, the administrative judge also appropriately concluded that the Board lacked jurisdiction to consider the merits of the appellant's appeal or her prohibited personnel practices claims of discrimination. ID at 4; *see Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (stating that an appellant's arguments concerning the merits of the appeal are not relevant to the question of jurisdiction); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that, prohibited personnel practices under 5 U.S.C. § 2302(b) are not independent sources of Board jurisdiction and that, absent an otherwise appealable action, the Board is without jurisdiction to consider them), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

On review, the appellant asserts that she "wasn't married like the other nurses in [her] department." PFR File, Tab 1 at 3. Below, she asserted that she was a "single mother" and "the head of the household." IAF, Tab 1 at 5. Considering these assertions as a whole, it appears that the appellant may be attempting to raise a claim of discrimination on the basis of marital status—a claim that could bring this appeal within the Board's jurisdiction. *See* 5 C.F.R. § 315.806(b) (providing for Board jurisdiction when an appellant nonfrivolously alleges that her termination was the result of discrimination based on partisan political reasons or marital status). Because the administrative judge did not consider the appellant's claims in this way, we do so now. *See Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003) (stating that jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during the proceedings).

To be entitled to a hearing on jurisdiction, an appellant must present nonfrivolous allegations of Board jurisdiction. *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*. Here, the appellant's allegations include no detail or context other than the bare assertions that she was a single mother, the head of the household, and the only unmarried nurse in her department. IAF, Tab 1 at 5; PFR File, Tab 1 at 3. For example, she has not alleged that any agency official with decision-making authority was aware that she was unmarried, that any employee in her department expressed bias against unmarried employees, or even that her unmarried status played a role in her termination. IAF, Tab 1; PFR File, Tab 1. The appellant's bare assertions, without more, do not constitute a nonfrivolous allegation of jurisdiction. *See Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 8 (2016)

(stating that a vague, conclusory, or unsupported allegation, such as one that essentially repeats the legal standard, without more, is pro forma and insufficient), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11. Therefore, we ultimately agree with the administrative judge's conclusion that the appellant failed to nonfrivolously allege a regulatory basis for Board jurisdiction.[2] ID at 3-4.

Additionally, the appellant submits with her petition for review several documents including text or social media messages between employees discussing drinking, photos of bottles of alcohol, and emails that concern leave and reiterate her allegations of discrimination and harassment. PFR File, Tab 1 at 5-32. These documents do not appear to have been submitted into the record below. IAF, Tab 1. Generally, the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, while some of the new documents do not contain a date, some of the messages are dated July 21, 2020, and September 25, 2020, and some of the emails are from October 2020 through February 2021. PFR File, Tab 1 at 5-32. The record below appears to have closed on or around February 3, 2021. IAF, Tab 2 at 1, 5. Thus, the majority of the documents submitted on review were available below before the record closed, and the appellant has not explained why she was unable to submit them then. PFR File, Tab 1. However, there appear to be two emails dated February 5, 2021, which is after the record closed. *Id.* at 18. Both appear to be

---

[2] To the extent it constituted error for the administrative judge to not consider the appellant's claims below, the appellant's substantive rights were not prejudiced because she has ultimately failed to raise a nonfrivolous allegation that her termination was the result of discrimination based on marital status. As such, any error does not provide a basis to disturb the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

communications with an agency representative concerning the appellant's appeal before the Board. *Id.* Neither contains any substance related to Board jurisdiction. *Id.* Based on our review of all of the documents, the appellant has not explained how <u>any</u>—either those dated before the record closed below or those dated after the record closed—are relevant to the question of jurisdiction, or are otherwise of sufficient weight to warrant an outcome different than that of the initial decision, and thus, they do not provide a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.